# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETTA SCONIERS, | ) | 1:08cv1289 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| ARNOLD SCHWARZENEGGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Janetta Sconiers ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on September 2, 2008. Plaintiff alleges numerous causes of action based upon a pending state Workers' Compensation action and names nine state officials as Defendants.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

1  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
2  cured by amendment.
3        In reviewing a complaint under this standard, the Court must accept as true the allegations
4  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
6  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
7  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
8        Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

13        A complaint must contain a short and plain statement as required by Fed. R. Civ. P.
14  8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
15  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.
16  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
17  particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.
18  Although a complaint need not outline all elements of a claim, it must be possible to infer from
19  the allegations that all elements exist and that there is entitlement to relief under some viable
20  legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);
21  Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).
22  B.     Plaintiff's Allegations
23        Plaintiff brings this action against Governor Arnold Schwarzenegger, California Attorney
24  General Edmund G. Brown, Jr., Richard Starkeson, the director of the Workers' Compensation
25  Division of the California Department of Industrial Relations, John Miller, Chairman of the
26  Workers' Compensation Appeals Board ("WCAB"), Administrative Law Judge ("ALJ") Joy L.
27
28

Krikorian, and Ronnie G. Caplane, Merle C. Rabine, James C. Cuneo, all members of the WCAB. All Defendants are sued in their official capacity.[1] Complaint, ¶¶ 28-35.

As best the Court can discern, Plaintiff's allegations arise from a workers' compensation action filed as a result of work-related injury in September 2002. Complaint, ¶¶ 41-51. According to her complaint, she hired Glass & Seebode on January 2, 2003, to file the workers' compensation action, which she states is still pending. Complaint, ¶ 53. Plaintiff also filed a petition to increase her award pursuant to California Labor Code section 132a. Complaint, ¶ 54.

Plaintiff details the administrative proceedings, as well as related proceedings in Fresno County Superior Court. Complaint, ¶¶ 51-61. Although not entirely clear, the crux of Plaintiff's complaint relates to Glass & Seebode's petition to withdraw as attorney, which she alleges Defendant ALJ Krikorian granted without affording her an opportunity to read it or respond. Complaint, ¶ 63. Plaintiff makes additional factual allegations that appear to suggest that she was deprived of notice of hearings or purposefully misinformed as to other aspects of her case. She makes general allegations, unsupported by facts, of fraud, perjury, intentional deprivation of rights, undue influence and actions taken in excess of jurisdiction.

Based on these facts, Plaintiff alleges at least 24 claims. Complaint, ¶¶ 82-310.[2] Most of the claims are based on 42 U.S.C. § 1983, and make generalized allegations of retaliation, deprivation of due process, and numerous violations of state laws and regulations. Plaintiff also includes a claim of conspiracy under 42 U.S.C. § 1985. Complaint, ¶ 307-308. In addition, Plaintiff alleges numerous violations of the Americans with Disabilities Act ("ADA") and the

---

[1] For purposes of Plaintiff's section 1983 claims, the Court presumes that Defendants are sued in their individual capacities, as well, because she states claims for damages. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (in a section 1983 suit for money damages, it is presumed to be one against defendants in their individual capacities).

[2] It appears that Plaintiff excluded numerous pages because the paragraphs skip from 135 to 219, and the causes of action skip from the Fifth to the Fifteenth. Since this action is one of three Plaintiff filed in this Court on the same day, it is unclear if this was an unintentional omission or whether Plaintiff combined mixed portions of the other complaints to create the instant complaint. The Court notes that in at least two instances, Plaintiff refers to a "Plaintiff Tiyeondrea McGlothin," who is not a Plaintiff in this action but appears in another of Plaintiff's actions. For ease of reference, the Court will refer to the causes of action as they are numbered in the complaint.

Rehabilitation Act ("RA"), as well as violations of the California constitution and state law. Complaint, ¶¶ 228-270, 277-306, 309-310.

Plaintiff requests monetary damages, as well as declaratory and injunctive relief. Her claims for equitable relief appear to request that the Court void the WCAB's August 15, 2005, order granting Glass & Seebode's petition to withdraw.

C.   Claims

   1.   Abstention

As a preliminary matter, the Court finds that abstention is appropriate and therefore declines to exercise jurisdiction over Plaintiff's action.

"Younger abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a *pending* state court proceeding." Poulos v. Caesars World, Inc., 379 F.3d 654, 669 (9th Cir. 2004) (emphasis added) (citations omitted). Younger abstention is required if (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir.1994). It is well-established that the Younger doctrine has been extended to pending state administrative proceedings if judicial in nature. See Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1272 (9th Cir.1994).

In her complaint, Plaintiff indicates that the Workers' Compensation action is still pending. Complaint, ¶¶ 17, 53. In fact, she specifically requests that this Court interfere with those proceedings by (1) enjoining Defendants from requiring her to show cause for reassignment; and (2) enjoining Defendants from applying a prior Fresno County Superior Court determination that Plaintiff is a vexatious litigant to the Workers' Compensation proceeding. Complaint, ¶¶ 15-16.

Therefore, the underlying Workers' Compensation action is ongoing and the administrative proceeding is the proper venue for adjudication of Plaintiff's state law work-injury claim and all related issues that Plaintiff raises in this action. Moreover, the state has an important and substantial interest in overseeing, managing and adjudicating its Workers'

Compensation system. Although Plaintiff may not be able to raise federal constitutional claims in the Workers' Compensation action, "[her] ability to raise the claims via state judicial review of the administrative proceedings suffices." Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir.1992) (internal quotation marks and citations omitted). California Labor Code section 5952 provides for judicial review of WCAB decision, including a determination as to whether the WCAB "acted without or in excess of its powers" or issued an order that was "procured by fraud." Cal. Labor Code, §§ 5952(a)-(b).

While abstention is inappropriate if the state proceedings are instituted in bad faith or if harassment is evident, assertions of bad faith or harassment are insufficient if they are conclusory and unsupported by specific facts. World Famous Drinking Emporium, Ind., 820 F.2d 1079, 1082 (9th Cir. 1987); Roberts v. Carrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Since Plaintiff's assertions of bad faith or harassment are conclusory and unsupported, abstention pursuant to Younger is appropriate.

Even if the Court did not abstain under Younger, Plaintiff's complaint would fail for the reasons set forth below.

> 2.  42 U.S.C. Section 1983 Claims- One, Two, Three, Four, Five, Fifteen and Seventeen
>
> a.  *Linkage*

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Therefore, in order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of her federal rights. However, Plaintiff's complaint does not contain any facts that link any of the defendants to the deprivations alleged. Rather than the required "direct, personal participation," Plaintiff alleges only conclusory, generalized statements unsupported by anything other than her perception that she has been wronged by the WCAB. In fact, Plaintiff groups the Defendants together in almost all of her allegations, so that she essentially alleges that each and every Defendant was involved in each and every alleged deprivation.

Plaintiff comes closest to alleging personal involvement against Defendant Krikorian, the ALJ who allegedly granted the petition to withdraw without notice. Yet even these allegations are nothing more than generalized statements without factual support and are insufficient to establish linkage.

      b. *Due Process*

The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

While individuals have a constitutionally protected interest in receiving certain state benefits, there is no protected interest in having counsel at the administrative level. The gist of Plaintiff's complaint contends that Defendants violated her due process rights by granting counsel's request to withdraw without providing Plaintiff with notice and an opportunity to be heard. However, as there is no constitutionally protected right to counsel before the WCAB, Plaintiff cannot state a denial of due process claim. Plaintiff's Fifteenth Cause of Action and the related Sixteenth Cause of Action for equitable relief should therefore be dismissed without leave to amend.

      c.    *Equal Protection*

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

"Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). "Where the challenged governmental policy is 'facially neural,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee, 250 F.3d at 687 (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (264-66) (1977) (internal citations omitted)). "The mere fact that [a] facially neutral polic[y] had a foreseeably disproportionate impact on an identifiable group does not mean that [it] violated the Equal Protection Clause." Id. at 687.

In her First Cause of Action, Plaintiff makes vague allegations that her right to equal protection has been denied because she was "retaliated against" for petitioning the WCAB for ALJ reassignment.  Although elsewhere in her complaint she makes reference to a mental impairment, there is no allegation or indication that she is a member of a protected class. Plaintiff also fails to explain how she was denied equal protection, other than a general statement that Defendants "imped[ed] and hinder[ed] the due course of justice, with intent to deny [Plaintiff] equal protection of the laws." Complaint, ¶ 84.

      d.    *Supervisorial Liability*

In her Second Cause of Action for "Refusing or Neglecting to Prevent" the events she now complains of, Plaintiff attempts to establish liability against Defendants Schwarzenegger,

7

| | |
|---|---|
| 1 | Brown, Miller, Starkeson, Caplane, Rabine and Cuneo for their failure to "instruct, supervise, |
| 2 | control and discipline on a continuing basis" Defendant Krikorian.  Complaint, ¶ 86-88.  She |
| 3 | further alleges that these failures were consistent with Defendants' "official policy or custom." |
| 4 | "Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may |
| 5 | be held] liable for the constitutional violations of subordinates 'if the supervisor participated in |
| 6 | or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick |
| 7 | v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th |
| 8 | Cir. 1989)). |
| 9 | Plaintiff wholly fails to explain the supervisorial role of any of the named Defendants and |
| 10 | fails to make any allegations of direct participation.  While it is at least conceivable that perhaps |
| 11 | one or two of the named Defendants act in a supervisorial capacity to ALJ Krikorian, it is |
| 12 | unlikely that they all have the direct involvement necessary to sustain supervisorial liability under |
| 13 | section 1983. |
| 14 | e.     *State Based Violations* |
| 15 | Plaintiff's Third, Fourth, Fifth and Seventeenth Causes of Action allege section 1983 |
| 16 | violations based upon violations of California state law or regulations.  Section 1983 actions, |
| 17 | however, require deprivation of a *federal* right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. |
| 18 | 2007).  Accordingly, the Third, Fourth, Fifth and Seventeenth Causes of Action should be |
| 19 | dismissed without leave to amend. |
| 20 | f.     *Immunity of Named Defendants* |
| 21 | Government officials enjoy qualified immunity from civil damages unless their conduct |
| 22 | violates "clearly established statutory or constitutional rights of which a reasonable person would |
| 23 | have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In ruling upon the issue of |
| 24 | qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party |
| 25 | asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. |
| 26 | Saucier v. Katz, 533 U.S. 194, 201 (2001).  If, and only if, a violation can be made out, the next |
| 27 | step is to ask whether the right was clearly established.  Id.  The inquiry "must be undertaken in |
| 28 | light of the specific context of the case, not as a broad general proposition . . . ."  Saucier v. Katz, |

533 U.S. 194, 201 (2002). "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Saucier, 533 U.S. at 202 (citation omitted). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

Here, Plaintiff makes generalized allegations against Defendants, all of whom are government officials. Plaintiff has failed to demonstrate that their actions violated a constitutional right for the reasons discussed throughout this order.

Moreover, Defendant Krikorian is an Administrative Law Judge ("ALJ") and is entitled to quasi-judicial immunity. The doctrine of judicial immunity applies to ALJ's performing functions similar to judges in a court-like setting. Hirsh v. Justices of the Supreme Court of California, 67 F.3d 708, 714-715 (9th Cir.1995).

Accordingly, Defendants are entitled to qualified immunity from civil damages.

        g.    *Summary of Section 1983 Claims*

Based on the above, the Court has determined that the Third, Fourth, Fifth, Fifteenth, Sixteenth and Seventeenth Causes of Action should be dismissed without leave to amend. As to the First and Second Causes of Action, although leave to amend would normally be granted to allow Plaintiff an opportunity to correct the deficiencies, leave to amend would be futile given the application of Younger abstention.

    3.    <u>ADA and RA Claims</u>

Plaintiff's Eighteenth through Twenty Fifth Causes of Action allege various violations of the ADA and RA. For each claim under the ADA, Plaintiff makes the identical claim under the RA.

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d

1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794.

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. Similarly, "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff's claims under the ADA and RA allege that Defendants (1) fail to administer California State programs in a manner that supports the availability of services and programs in the most integrated setting for individuals with disabilities; (2) utilize methods of administration that effectively subject disabled individuals to discrimination and "perpetuate the current eviction system rather than facilitate the receipt of services in the most integrated setting appropriate" to Plaintiff's needs; (3) discriminate against Plaintiff on the basis of her mental illness by refusing to provide notice and redress other due process violations; and (4) are attempting to exclude Plaintiff from receiving benefits under the Workers' Compensation Act. Complaint, ¶¶ 233, 239, 244, 247. These allegations are based mainly upon the alleged "inappropriate denial of representation." Complaint, ¶¶ 239, 244, 245, 266, 269.

Despite her allegations, Plaintiff fails to state a claim under either the ADA or RA. Although she contends that she was otherwise qualified, she does not allege that she was denied benefits or services solely on the basis of her disability. Moreover, representation before the

1  WCAB is not a "service" provided by the WCAB, nor is it the type of "service" that would come
2  within the protection of the ADA or RA.  See eg., Zimmerman v. Oregon Dept. of Justice, 170
3  F.3d 1169, 1174 (9th Cir. 1999).
4         To the extent that Plaintiff alleges a violation of the ADA or RA on the basis of a denial
5  of Workers' Compensation benefits, her claim likewise fails.  Plaintiff did not allege facts
6  showing that she was qualified to receive worker' compensation benefits, or that her disability
7  was the reason that she was denied benefits.  See McGary v. City of Portland, 386 F.3d 1259,
8  1265 (9th Cir.2004) (listing requirements to state a claim under the ADA); Wong v. Regents of
9  Univ. of Cal., 410 F.3d 1052, 1055 n. 1 (9th Cir.2005) (RA creates same rights and obligations as
10 ADA); see also Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir.1998) (ADA and RA do not provide a
11 cause of action for challenging adequacy of state programs without showing of disparate or
12 discriminatory treatment).
13        Plaintiff is therefore unable to state causes of action under the ADA and RA and her
14 Eighteenth through Twenty Fifth Causes of Action should be dismissed without leave to amend.
15        4.      Conspiracy Claim
16        In Plaintiff's Thirty Second Cause of Action, she alleges that the Defendants conspired
17 against her to deprive her of her constitutional rights and requests monetary damages. 42 U.S.C
18 §§ 1983, 1985.
19        Plaintiff's conspiracy claim under section 1983 fails for many of the same reasons her
20 other section 1983 claims failed, as discussed above.
21        Plaintiff's claim also fails on a substantive basis.  A conspiracy claim brought under
22 section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional
23 rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of
24 Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an
25 actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006)
26 (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).
27 "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but
28

each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. Indeed, Plaintiff's conspiracy claim is comprised of nothing more than a conclusory sentence, without explanation or factual support.

Similarly, her conspiracy claim under section 1985 also fails. To state a cause of action under section 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).

In interpreting these standards, the Ninth Circuit has held that a claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Not only has Plaintiff failed to allege specific facts to support a conspiracy, she has failed to allege a racial or other class-based discriminatory animus behind the alleged actions. As her

complaint appears to revolve around her alleged mental impairment, Plaintiff cannot state a cause of action under a civil rights statute. Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). Moreover, to state a claim for conspiracy under section 1985, a plaintiff must first have a cognizable claim under section 1983. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir.2004).

Accordingly, Plaintiff's Thirty Second Cause of Action must be dismissed without leave to amend.

     5.    <u>State Law Claims</u>

Plaintiff's remaining causes of action (Twenty Eighth, Twenty Ninth, Thirtieth, Thirty First and Thirty Third) are based upon violations of California law. As the Court has dismissed the claims over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over these state law claims. See 28 U.S.C. § 1367(c)(3); see also Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.2001) (holding that the district court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it had original jurisdiction).

Accordingly, the Twenty Eighth, Twenty Ninth, Thirtieth, Thirty First and Thirty Third Causes of Action should be dismissed without leave to amend.

D.    <u>Malice</u>

The instant complaint, as well as Plaintiff's litigation history before this Court, suggests that she brings this action with malice and in the absence of good faith in an attempt to vex the administrative defendants who ruled against her. The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.

This is Plaintiff's fifth action brought in pro se and in forma pauperis before this Court. One action remains in the pleading stage and as of the date of this order, the other two have yet to

be screened.[3] Her complaints share a common thread- they are brought against a multitude of state officials and allege endless causes of action for what she perceives to be fraudulent actions against her in the denial of state benefits. Moreover, although Plaintiff's complaints are voluminous (some are over 100 pages in length), they appear to be supported by little more than vague, conclusory statements. It is becoming apparent to this Court that Plaintiff is taking advantage of her in forma pauperis status to file multiple meritless lawsuits. Plaintiff's lack of good faith is therefore another reason to recommend dismissal of this action.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 4, 2008              /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE

---

[3] In addition to this action, Plaintiff has filed 1:06cv1260 AWI LJO, 1:07cv972 AWI DLB, 1:08cv1288 LJO SMS and 1:08cv1290 LJO GSA. The Court first questioned Plaintiff's intentions in the September 27, 2006, order dismissing her complaint with leave to amend in 1:06cv1260 AWI LJO. There, the Court stated, "This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to vex defendants because they investigated plaintiff for fraud. Such attempt to vex defendants provides further grounds to dismiss plaintiff's complaint."